IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF THE COMMONWEALTH OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SMITH<br>vs<br><br>COMMONWEALTH of<br>PENNSYLVANIA<br>vs<br>FRANKLIN COUNTY<br>DISTRICT ATTORNEY<br>vs<br>FRANKLIN COUNTY<br>COURT OF COMMON PLEAS<br>ANGELA KROM | ACTION NO: (To be completed by the clerk)<br><br>1:25-cv-670 SES<br><br>FILED<br>HARRISBURG, PA<br>APR 15 2025<br>PER _____ DEPUTY CLERK |

## COMPLAINT IN VIOLATION
## OF JUDICIAL CODE &
## RULES OF PROFESSIONAL CONDUCT

### JURISDICTION

The UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT FOR THE COMMONWEALTH OF PENNSYLVANIA has jurisidiction over matters within the COMMONWEALTH COURTS IN PENNSYLVANIA. This matter is subject to the this courts jurisidiction wherefore the FRANKLIN COUNTY COURT OF COMMON PLEAS OF THE 39th DISTRICT IN IN THE COMMONWEALTH OF PENNSYLVANIA.

### PARTIES

Plaintiff: Plaintiff is MICHAEL SMITH, a pre-trial detainee in the FRANKLIN COUNTY JAIL awaiting trial in a criminal matter in the FRANKLIN COUNTY COURT OF COMMON PLEAS.

RESPONDENT'(S): The Franklin County District Attorney Office is a represetive for the Commonwealth of Pennsylvania, and in the matter which SMITH is accused, a the Franklin County District Attorney office has been put in the position to seek prosecution against SMITH. The Cheif District Attorney Ian Brink is in this matter a conflict of interest in the matter against SMITH, whereas approx 7 years ago Mr. Brink represented

The FRANKLIN COUNTY COURT OF COMMON PLEAS Judicial officer, Angela Krom is presiding over the matter which SMITH is accused. Angela Krom is a former prosecutor for the Franklin County District Attorney's office.

### COMPLAINT

Conflict of Interest: Ian Brink
Franklin County District Attorney
Office.

    This complaint is brought for violations by the above respondents refusing to recuse themselves i a criminal matter against SMITH, Docket CR-1179-2023.

    Presiding prosecutor Ian Brink poses a conflict of interest, where approx seven years ago Ian Brink represented the plaintiff while executing duties at the Franklin County Public Defenders Office. It matters not the length of time that has lasped which a Attorney represented a

client and then now acts as prosecutor.

Ian Brink must recuse himself from the case. This is unethical conduct and violates the Rules of Professional Conduct.

Commonwealth v Eskridge 529 Pa 387, A prosecution is barred when an actual conflict of interest affecting the prosecutor exists in the case; under such circumstances a defendant need not prove actual prejudice in order to require that the conflict be removed.

SMITH is represented by Shawn Stottlemeyer of SMS Law Firm. The matter has been raised in the court on the record. Judge Krom filed a order that the matter of a conflcit of interest may not be addressed and entertained by the court unless a motion is filed. Mr Stottlemeyer has failed to file a motion per my request. A complaint with the Dicisiplinary Counsel has filed in the matter.

The reason that it is imperative that this matter of a conflict of interest be resolved is due to the fact that a former District Attorney was engaged in activity which the now residing District Attorney is concealing, and this matter needs remanded to the Attorney General office so that a thorough invetigation is conducted where tamering of evidence exist by law enforcement. The Franklin County Preseutor office has a close relationship with the offciers in question in the criminal matter.

Per the rules of the ABA, a prosecutor must disclose all material information to an accused that would fall within the Brady rules. Ian Brink is refusing to disclose material information related to the investigation which my wife and I was subject.

In the discovery of the case which I am accused, it is documented that my wife had meth in her toxicology, and that she purchased it at a residence that was apart of a law enforcment investigation 14 hours prior ot her death. The investigation report is discoverable information, whereas the meth was purchased under the observation of law enforcment who was also using unmanned aerial vehicles to transmit aditory signals/sound. The meth was a aid in auditory signals to stimulate my wifes serotonin inhibitors. The investigation report would also reveil the location which law enforcment was conducting field surveillance a distance that may have contributed to my wifes injury, a gun shot wound. This information is critical to prove that law enforcement played a factor in my wifes behavior and ultimately her death.

Ian Brink is in violation of his duty to disclose material information.

Commonwealth of Pennsylvania:

The Commonwealth is the plaintiff in the matter which SMITH is being accused in the Franklin County Court of Common Pleas. Both parties, District Attorney Ian Brink and Angela Krom, presiding Judge are both compensated by the Commonwealth, both have a perculiar interests in the case to be decide, regardless if a jury makes the final decision, the jury can be swayed by partiality, bias, and prejudice.

Judge Angela Krom
Franklin Couty Court of Common Pleas.

Angela Krom is a former prosecutor for the Franklin County District Attorney office.

It matters not the length of time lapsed, Krom poses high potential of bias, prejudice and partiality, wherfore her loyalty was once to the prosecution of individuals for the Commonwealth, she has close ties inside the Franklin County District Attorney office which is in the same building as the court.

Though Angela Krom has never prosecuted SMITH previously, there exist bias. An unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in a case. This objective risk of bias is reflected in the due process maxim that no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome.

Angela Krom would cause undue harm, interfering with due process of the matter to be decided.

SMITH avers that due to the nature of the case aganist him, Angela Krom has knowledge of material infomation which she is playing a role in aiding and abetting non disclosure. SMITH has been actively seeking a federal investigation into matters which played a factor in the death of his wife, and Krom and Ian Brink having a interest in protecting themselves from wrong doing, and harboring Matthew Fogal and the State Police in concealing information related to misconduct, and law enforcment operations.

CODE OF JUDICIAL CONDUCT
CANON 2. A JUDGE SHALL PERFORM THE DUTIES OF JUDICIAL OFFICE IMPARTIALLY, COMPETENTLY, AND DILIGENTLY
Rule 2.2. Impartiality and Fairness

Rule 2.3. Bias, Prejudice, and Harassment
Rule 2.4. External Influences on Judicial Conduct
Rule 2.11. Disqualification: NOTE Comment
1§ Under this Rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) through (6) apply.
2§ A judge's obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed.

TERRANCE WILLIAMS, Petitioner v. PENNSYLVANIA

SUPREME COURT OF THE UNITED STATES

579 US 1579 U.S. 1; 136 S Ct 1899136 S. Ct. 1899; 195 L Ed 2d 132195 L. Ed. 2d 132; 2016 US LEXIS 37742016 U.S. LEXIS 3774; 84 USLW 435984 U.S.L.W. 4359; 26 Fla L Weekly Fed S 22426 Fla. L. Weekly Fed. S 224

No. 15-5040

June 9, 2016, Decided

February 29, 2016, Argued

RECUSAL OF JUDGE

Headnote:[1]

The U.S. Supreme Court's precedents set forth an objective standard that requires recusal when the likelihood of bias on the part of the judge is too high to be constitutionally tolerable. (Kennedy, J., joined by Ginsburg, Breyer, Sotomayor, and Kagan, JJ.)

DUE PROCESS -- JUDGE -- POTENTIAL BIAS

Headnote:[3]

Due process guarantees an absence of actual bias on the part of a judge. Bias is easy to attribute to others and difficult to discern in oneself. To establish an enforceable and workable framework, the U.S. Supreme Court's precedents apply an objective standard that, in the usual case, avoids having to determine whether actual bias is present. The court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias. An unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in a case. This objective risk of bias is reflected in the due process maxim that no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. (Kennedy, J., joined by Ginsburg, Breyer, Sotomayor, and Kagan, JJ.){195 L. Ed. 2d 134}

DUE PROCESS -- JUDGE -- PREVIOUS POSITION AS PROSECUTOR

Headnote:[4]

The due process guarantee that no man can be a judge in his own case would have little substance if it did not disqualify a former prosecutor from sitting in judgment of a prosecution in which he or she had made a critical decision. Having been a part of the accusatory process a judge cannot be, in the very nature of things, wholly disinterested in the conviction or acquittal of those accused. No attorney is more integral to the accusatory process than a prosecutor who participates in a major adversary decision. When a judge has served as an advocate for the state in the very case the court is now asked to adjudicate, a serious question arises as to whether the judge, even with the most diligent effort, could set aside any personal interest in the outcome. There is, furthermore, a risk that the judge would be so psychologically wedded to his or her previous position as a prosecutor that the judge would consciously or unconsciously avoid the appearance of having erred or changed position. In addition, the judge's own personal knowledge and impression of the case, acquired through his or her role in the prosecution, may carry far more weight with the judge than the par-ties' arguments to the court. (Kennedy, J., joined by Ginsburg, Breyer, Sotomayor, and Kagan, JJ.)

note:[5]

A prosecutor may bear responsibility for any number of critical decisions, including what charges to bring, whether to extend a plea bargain, and

which witnesses to call. Even if decades intervene before a former prosecutor revisits a matter as a jurist, the case may implicate the effects and continuing force of his or her original decision. In these circumstances, there remains a serious risk that a judge would be influenced by an improper, if inadvertent, motive to validate and preserve the result obtained through the adversary process. The involvement of multiple actors and the passage of time do not relieve the former prosecutor of the duty to withdraw in order to ensure the neutrality of the judicial process in determining the consequences that his or her own earlier, critical decision may have set in motion. (Kennedy, J., joined by Ginsburg, Breyer, Sotomayor, and Kagan, JJ.)

DUE PROCESS -- RECUSAL OF JUDGE

Headnote:[6]

Due process demarks only the outer boundaries of judicial disqualifications. Most questions of recusal are addressed by more stringent and detailed ethical rules. (Kennedy, J., joined by Ginsburg, Breyer, Sotomayor, and Kagan, JJ.)

ERROR -- FAILURE TO RECUSE

Headnote:[7]

An unconstitutional failure to recuse constitutes structural error even if the judge in question did not cast a deciding vote. (Kennedy, J., joined by Ginsburg, Breyer, Sotomayor, and Kagan, JJ.)

HARMLESS ERROR -- JUDGE -- FAILURE TO RECUSE

Headnote:[8]

A due process violation arising from the participation of an interested judge is a defect not amenable to harmless-error review, regardless of whether the judge's vote was dispositive. The deliberations of an appellate panel, as a general rule, are confidential. As a result, it is neither possible nor productive to inquire whether the jurist in question might have influenced the views of his or her colleagues during the decisionmaking process. Indeed, one purpose of judicial confidentiality is to assure jurists that they can reexamine old ideas and suggest new ones, while both seeking to persuade and being open to persuasion by their colleagues. The description of an opinion as being for the court connotes more than merely that the opinion has been joined by a majority of the participating judges. It reflects the fact that these judges have exchanged ideas and arguments in deciding the case. It reflects the collective process of deliberation which shapes the court's perceptions of which issues must be addressed and, more importantly, how they must be addressed. And, while the influence of any single participant in this process can never be measured with precision, experience teaches that each member's involvement plays a part in shaping the court's ultimate disposition. (Kennedy, J., joined by Ginsburg, Breyer, Sotomayor, and Kagan, JJ.){195 L. Ed. 2d 135}

DUE PROCESS -- DISQUALIFIED JUDGE

Headnote:[9]

For due process purposes, it does not matter whether a disqualified judge's vote was necessary to the disposition of the case. The fact that the interested judge's vote was not dispositive may mean only that the judge was successful in persuading most members of the court to accept his or her position. That outcome does not lessen the unfairness to the affected party. (Kennedy, J., joined by Ginsburg, Breyer, Sotomayor, and Kagan, JJ.)

HARMLESS ERROR -- FAILURE TO RECUSE JUDGE

Headnote:[10]

A multimember court must not have its guarantee of neutrality undermined, for the appearance of bias demeans the reputation and integrity not just of one jurist, but of the larger institution of which he or she is a part. An insistence on the appearance of neutrality is not some artificial attempt to mask imperfection in the judicial process, but rather an essential means of insuring the reality of a fair adjudication. Both the appearance and reality of impartial justice are necessary to the public legitimacy of judicial pronouncements and thus to the rule of law itself. When the objective risk of actual bias on the part of a judge rises to an unconstitutional level, the failure to recuse cannot be deemed harmless. (Kennedy, J., joined by Ginsburg, Breyer, Sotomayor, and Kagan, JJ.)

CONSTITUTIONAL VIOLATION -- INTERESTED JUDGE

Headnote:[11]

An inability to guarantee complete relief for a constitutional violation does not justify withholding a remedy altogether. Allowing an appellate panel to reconsider a case without the participation of an interested member will permit judges to probe lines of analysis or engage in discussions they may have felt constrained to avoid in their first deliberations. (Kennedy, J., joined by Ginsburg, Breyer, Sotomayor, and Kagan, JJ.)

DUE PROCESS -- JUDGE -- INVOLVEMENT AS PROSECUTOR

Headnote:[12]

Where a judge has had an earlier significant, personal involvement as a prosecutor in a critical decision in the defendant's case, the risk of actual bias in the judicial proceeding rises to an unconstitutional level. Due process entitles the defendant to a proceeding in which he may present his case with assurance that no member of the court is predisposed to find against him. (Kennedy, J., joined by Ginsburg, Breyer, Sotomayor, and Kagan, JJ.)

## RELEIF

SMITH respectfully request this court to enter a injunction, halting the criminal matter in the Franklin County Court of Common Pleas, Docket CR-1179-2023 so that a review by this Honorable Court may decide the matter of a conflict of interests of all parties herein.

SMITH request that this Honorable Court recuse both Angela Krom and Ian Brink from the matter in the criminal Docket.

SMITH has refered this matter to his attorney Shawn Stottlemeyer, who also is refusing to disclose other information, and obtaininformation which should have been dosclosed by Ian Brink favorable to SMITH in the criminal matter which he is accused.

SMITH's request for releif complies with due process of law, and upon reveiw this Honorable Court will see that failer of the parties to recuse themselves will cause harm that may or may not be resolved as timely as would be practical if this request were not honored.

Respectfully Submitted
Michael Smith
*/s/ Michael Smith*
Franklin County Jail
1804 Opportunity Ave
Chambersburg, PA 17201

April 9, 2025

Case 1:25-cv-00670-SES   Document 1   Filed 04/15/25   Page 6 of 6

Name michael Smith 21-00356
Franklin County Jail
1804 Opportunity Avenue
Chambersburg, PA 17201

HARRISBURG PA   171

11 APR 2025   AM 2   L



RECEIVED
HARRISBURG, PA
APR 15 2025
_____ DEPUTY CLERK

U.S. Middle district Court
1501 North 6th Street, Suite 101
Harrisburg, PA
         17102

17102-110401